CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 02 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID MEYERS,<br>    Plaintiff, | Civil Action No. 7:18-cv-00414 |
| v. | MEMORANDUM OPINION |
| U.S. JUDGE JAMES JONES, et al.,<br>    Defendants. | By: Michael F. Urbanski<br>Chief United States District Judge |

David Meyers, a Virginia inmate proceeding pro se, commenced this civil rights action against three judges of this court; Virginia Department of Corrections Director Harold Clarke; and "Red Onion State Prison [("ROSP")] Employees." Plaintiff is upset about the conditions of confinement he experiences at ROSP and with judges of this court who have ruled adversely on his motions and cases, many of which were malicious, frivolous, and vexatious.[1] Plaintiff seeks $15 billion in damages, an "independent inquiry" into the Clerk of Court's and judges' alleged conspiracy of corruption, and for the "United States Inspector General" to monitor ROSP and commence criminal proceedings against ROSP staff. This matter is before the court for screening pursuant to 28 U.S.C. § 1915A. After reviewing the complaint, the court dismisses the action as frivolous and malicious.

The court must dismiss an action or claim filed by an inmate if it determines that the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). "Frivolous" includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless."

---

[1] The court held a hearing on August 16, 2018, concerning his original allegation of imminent danger in one of the cases, Meyers v. U.S. Postal Service, No. 7:18-cv-00029. The magistrate judge has recommended that the court allow Plaintiff to proceed without prepaying the filling fee under 28 U.S.C. § 1915(g) based on allegations in that case about specific ROSP staff's and inmates' conduct around January 2018. Meyers v. U.S. Postal Service, No. 7:18-cv-00029 (W.D. Va. Oct. 9, 2018) (Sargent, M.J.).

Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Malicious" includes claims deemed irresponsible, repetitive of pending or previously litigation, harassment, threatening, insulting to the court, or abusive of the judicial process. See, e.g., Abdul-Akbar v. Dep't of Corr., 910 F. Supp. 986, 999 (D. Del. 1995); Daves v. Scranton, 66 F.R.D. 5 (E.D. Pa. 1975). Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

Plaintiff's action for damages against the judges is frivolous and malicious, and they cannot provide the equitable relief he seeks. See, e.g., Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985); McCray v. Maryland, 456 F.2d 1, 5 n.11 (4th Cir. 1972). Also, Plaintiff pursues an indisputably meritless legal theory by naming all "ROSP Employees" as one defendant. See, e.g., Ferguson v. Morgan, No. 1:90cv06318, 1991 U.S. Dist. LEXIS 8295, at *2-4, 1991 WL 115759, at *1 (S.D.N.Y. June 20, 1991) (recognizing that a group of personnel, like "medical staff," is not a "person" for purposes of § 1983). Plaintiff's reliance on conclusory assertions of respondeat superior against Director Clarke is a frivolous attempt to vex and harass, especially when viewed in the context of all the repetitive cases Plaintiff has filed in this court within the past eighteen months. See, e.g., Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993) (reasoning that harassing, repetitive litigation is malicious); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (relying on labels and conclusions is insufficient); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7, 691-94 (1978) (discussing respondeat superior under § 1983).

For the foregoing reasons, the court dismisses the action as frivolous and malicious. The court notes that Plaintiff does not have an absolute and unconditional right of access to courts to prosecute frivolous, malicious, abusive, or vexatious motions or actions. See, e.g., Demos v. Keating, 33 F. App'x 918, 920 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2001); In re Vincent, 105 F.3d 943, 944-46 (4th Cir. 1997). Federal courts may issue pre-filing injunctions when vexatious conduct hinders the court from fulfilling its constitutional duty. See, e.g., 28 U.S.C. § 1651(a); Fed. R. Civ. P. 11(b)-(c); Vestal v. Clinton, 106 F.3d 553, 555 (4th Cir. 1997). Before barring frivolous, malicious, abusive, or vexatious filings, the court must afford Plaintiff notice and opportunity to be heard. Cromer v. Kraft Foods of N. Am., Inc., 390 F.3d 812, 819 (4th Cir. 2004). Accordingly, Plaintiff is given notice of the court's intention to enter a pre-filing injunction against him, and he may file any opposing argument in this action within fifteen days.

ENTER: This 2nd day of November, 2018.

/s/ Michael F. Urbanski
Chief United States District Judge