**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-6917

DAVID MEYERS,

Plaintiff - Appellant,

v.

J. D. BENTLEY; SGT. J. B. HALL; J. FANNIN; M. L. COUNTS; WALTER SWINEY; C. R. STANLEY; F. STANLEY; A. CLEVINGER; OFFICER STANLEY; JR. OFFICER WELLS; SGT. WILLIAMS; C. STALLARD; GERALDINE BAKER BAKER; OFFICER GWEN; MAJOR TATE; CAPTAIN D. STILL; CAPTAIN BLEVINS; OFFICER MCCOWAN; J. B. MESSER; S. ESCOFFERY; T. DORTON; FL. OFFICER LEWIS; SGT. MEADE; MARCUS ELAM; A. DAVID ROBINSON; PAUL HAYMES; HENRY PONTON; S. BRYAN; CURTIS PARR; P. SYKES; J. GIBSON; J. ARTRIP; DR. EDWARD BONKYE; KAREN STAPLETON; J. BLEDSOE; DR. FOX; C. DICKENSON; OFFICER CATERON; OFFICER BENTLEY,

Defendants - Appellees.

No. 19-6921

DAVID MEYERS,

Plaintiff - Appellant,

v.

UNITED STATES DISTRICT COURT, ROANOKE DIVISION; HAROLD CLARKE, Director, Virginia Department of Corrections,

Defendants - Appellees.

---

**No. 19-6933**

---

DAVID MEYERS,

           Plaintiff - Appellant,

      v.

UNITED STATES DISTRICT COURT, BIG STONE GAP DIVISION; UNITED STATES DISTRICT COURT, ROANOKE DIVISION; UNITED STATES DISTRICT COURT, ABINGDON DIVISION; JUDICIAL COUNCIL CIRCUIT EXECUTIVE OF FOURTH CIRCUIT; T. DORTON, Fiscal Tech of Red Onion State Prison; MARCUS ELAM; A. GALIHAR; KAREN STAPLETON; JEFFREY KISER; J. ARTRIP; M. L. COUNTS; L. MULLINS; J. FANNIN; J. D. BENTLEY; K. B. COUNTS; J. H. MIDDLETON; J. KING; TAMMY BARBETTO; W. SWINEY; J. M. MESSER; J.B. MESSER; SHANNON ESCOFFERY; OFFICER ROSE C. STALLARD; T. L. WOODS; R. MULLIS; R. NAUVY; A. KILGORE; F. STANLEY; A. CLEVINGER; L. JUSTICE; C. HOLBROOK; J. BLEDSOE; B. WITT; DR. FOX; DR. EDWARD BOAKYE; C. DICKERSON; D. W. MCCOWAN; C. C. GILBERT; J. E. LYALL; J. MANNOR; HENRY PONTON; C. R. STANLEY; OFFICER STANLEY; OFFICER WELLS; EDWARD GWINN; BRANDY LEWIS; D. C. STALLARD; L. COLLINS,

           Defendants - Appellant.

---

**No. 19-6962**

---

DAVID MEYERS,

           Plaintiff - Appellant,

      v.

U.S. JUDGE JAMES JONES; U.S. JUDGE GLEN CONRAD; U.S. MAGISTRATE
JUDGE ROBERT BALLOU; HAROLD CLARKE, Director, Virginia Department
of Corrections; RED ONION STATE PRISON EMPLOYEES,

                          Defendants - Appellees.

                    ────────────────

Appeals from the United States District Court for the Western District of Virginia, at
Roanoke.  Michael F. Urbanski, Chief District Judge; Pamela Meade Sargent, Magistrate
Judge.  (7:18-cv-00051-JPJ-PMS; 7:18-cv-00474-MFU-RSB; 7:18-cv-00472-MFU-RSB;
7:18-cv-00414-MFU)

                    ────────────────

Submitted:  August 14, 2019                        Decided:  August 26, 2019

                    ────────────────

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

                    ────────────────

Dismissed by unpublished per curiam opinion.

                    ────────────────

David Meyers, Appellant Pro Se.

                    ────────────────

Unpublished opinions are not binding precedent in this circuit.

3

PER CURIAM:

In these consolidated appeals, David Meyers, a Virginia inmate and three-striker, has filed a consolidated notice of appeal, but did not designate the orders he seeks to appeal. We dismiss these appeals for lack of jurisdiction.

Pursuant to Fed. R. App. P. 3(c)(1)(B), a notice of appeal must specify the judgment or order being appealed. We construe this rule liberally "asking whether the putative appellant has manifested the intent to appeal a specific judgment or order and whether the affected party had notice and an opportunity fully to brief the issue." *Jackson v. Lightsey*, 775 F.3d 170, 176 (4th Cir. 2014). "This principle of liberal construction does not, however, excuse noncompliance with the Rule." *Smith v. Barry,* 502 U.S. 244, 248 (1992). Because the dictates of Rule 3 are jurisdictional, each requirement must be satisfied as a prerequisite to appellate review. *Id.* In his one-page consolidated notice of appeal, Meyers failed to specify the orders being appealed. Accordingly, we lack jurisdiction.

Moreover, parties are accorded 30 days after the entry of the district court's final judgment or order to note an appeal, or 60 days if the United States or an officer or agency is a party. Fed. R. App. P. 4(a)(1)(A), (B). The district court may extend the appeal period under Fed. R. App. P. 4(a)(5), or reopen the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Meyers' "Notice of Appeals" is not timely as to any order.

Because Meyers failed to specify the orders being appealed, we dismiss the appeals for lack of jurisdiction. We also deny as moot Meyers' motions for leave to proceed on

appeal without prepayment of fees under the Prison Litigation Reform Act.  We dispense

with oral argument because the facts and legal contentions are adequately presented in the

materials before this court and argument would not aid the decisional process.

*DISMISSED*